# C A R Y   K A N E

A LIMITED LIABILITY PARTNERSHIP FOR THE PRACTICE OF LAW

JOSHUA S.C. PARKHURST
JPARKHURST@CARYKANE.COM

WRITER'S DIRECT TEL/FAX
(212) 871-0533 (T)
(646) 599-9573 (F)

March 21, 2011

**VIA FACSIMILE**
The Honorable Victor Marrero, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/11

Re:    *Zubair v. Entech Engineering, P.C., et al.; 09 Civ. 7927 (VM)*

Dear Judge Marrero:

We are the attorneys for plaintiff Ahmed Zubair in the above referenced matter. Please accept this letter as the plaintiff's pre-summary judgment motion brief.

**Background**

Beginning in 2006, Plaintiff Ahmed Zubair worked for defendants Entech Engineering, P.C. ("Entech") as a paint inspector.[1] Plaintiff worked on three separate projects as a painting inspector, inspecting the painting work that was performed during the repair and rehabilitation of various bridges and other superstructures. On the first two projects, plaintiff worked under the job title of "Senior Inspector." On the final project, plaintiff worked under the job title of "Chief Inspector." Plaintiff received an hourly wage for his work at all times.

For the work performed on the first project and for portions of the work performed on the second project, plaintiff received time and a half for all hours when he worked over 40 hours a week. In or about May 2008, while plaintiff worked as a "Senior Inspector" on the second project, defendants ceased to pay overtime at time and a half rate and instead only paid plaintiff at straight time for overtime hours. Defendants allege that they ceased paying overtime because of some unspecified agreement between plaintiff and defendants. Defendants also claim that, on the third project, plaintiff's job title of "Chief Inspector" was exempt from overtime.

**Defendant's Liability Under the FLSA**

The FLSA requires that an employer pay an employee one and one half times their regular hourly rate of pay for any hours worked over 40 in a week, unless the employer demonstrates that

---

[1.] Defendant Soudabey Bayat ("Bayat") is the owner and chief officer of Entech and controlled the wage and hour practices complained of herein. As such, Bayat meets the definition of "employer" as set forth in 29 U.S.C. §203(d).
30197_2



# CARY KANE

The Honorable Victor Marrero
March 21, 2011
Page 2

an employee is exempt from coverage of the act. 29 U.S.C. § 207(a)(1). Exemptions to the FLSA "are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960).

Defendant has not given any legal rationale as to why it ceased to pay overtime on the second worksite. At her deposition, defendant Bayat stated that only reason she ceased to pay overtime to plaintiff on this job was due to the fact that the parties had agreed to such an arrangement. Such an agreement, however, cannot invalidate plaintiff's statutory rights under the FLSA. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728 (1981).

With respect to work performed as "Chief Inspector," defendants claim that plaintiff's work falls under either the "learned professional" exemption or the "highly compensated" employee exemption. *See* 29 C.F.R. §§ 541.301, 541.601. As discussed below, neither exemption applies.

## Learned Professional Exemption

To be classified as a learned professional, an employee must be paid, on a salary or fee basis, at least $455 per week, and his "primary duty is the performance of work . . . [r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." *Id.* at §§ 541.300(a); 541.301(a)(1)-(3). The knowledge "must be of an advanced type . . . generally speaking, it must be knowledge which cannot be attained at the high school level." *Id.* at § 541.301(b). "The learned professional exemption . . . does not apply to occupations in which most employees have acquired their skill by experience rather than by advanced specialized intellectual instruction." *Id.* at § 541.301(d).

The exemption does not apply here. First, plaintiff was paid an hourly wage, not a fixed salary, and defendant cannot avail itself of the exemption regardless of the job duties performed. Nevertheless, defendant also cannot satisfy the job duties requirement of the exemption, as the job duties of a Chief Inspector do not require an advanced academic degree. In *Young v. Cooper Cameron Corp.*, 586 F.3d 201 (2d Cir. 2009), the Second Circuit held that "[i]f a job does *not* require knowledge customarily acquired by an advanced educational degree—as for example when many employees in the position have no more than a high school diploma—then, regardless of the duties performed, the employee is not an exempt professional under the FLSA." *Id.* at 206 (emphasis in original).

Although plaintiff happens to have a college education, that education is not a pre-requisite for the work performed by plaintiff. Defendant Bayat testified that the only requirement for the "Chief Inspector" position was a National Institute for Certification of Engineering Technologies ("NICET") Level IV certification. No advanced education is required for such certification. Rather, certification is obtained at each level with the requisite amount of experience, a supervisor's

# CARY KANE

The Honorable Victor Marrero
March 21, 2011
Page 3

verification of competency, and passing an examination sponsored by NICET.[2] Indeed, at her deposition, defendant Bayat acknowledged the difference between engineers, who generally must have college degrees, and inspectors, who generally do not have college degrees.

## Highly Compensated Employee

Plaintiff also does not fall under the highly-compensated employee exemption. "An employee with total annual compensation of at least $100,000 is deemed exempt . . . if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee . . . ." 29 C.F.R. § 541.601(a). The regulation also provides that the employee must be paid on a salary or fee basis, and must primarily perform office or non-manual work. *Id.* at § 541.601(b)(1), (d). Plaintiff meets none of the requirements of the exemption. As noted above, plaintiff was compensated on an hourly, not salary, basis. And as further noted above, plaintiff did not perform the exempt duties of a learned professional. In addition, plaintiff did not perform "office or non-manual work." Rather, plaintiff performed his work at the project sites. Thus, plaintiff is not a highly compensated employee.

## Spread of Hours Claim

Pursuant to NYLL § 652 and N.Y. COMP. CODES R. & REGS., tit. 12 § 142-2.4, an employee is entitled to receive an extra hour's pay at the minimum wage rate for every hour worked over ten hours in a day. There is a split in authority as to whether the regulation at issue should be interpreted on its face, or interpreted to only apply to minimum wage workers in accordance with a private opinion letter from the New York State Department of Labor. *Compare, e.g., Yang v. ACBL Corp.*, 427 F.Supp.2d 327 (S.D.N.Y. 2005) (applying spread of hours regulation to all workers) with *Chang v. Triple 8 Palace, Inc.*, 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. 2006) (applying spread of hours regulation only to minimum wage workers). Plaintiff respectfully submits that this Court should follow the holding in *Yang* and similar cases as the regulation in question is clear on its face and should be interpreted in light of its plain meaning.

---

[2] NICET allows candidates with associates or bachelor's degrees in relevant fields to credit such degrees toward experience, although it does not replace the on the job experience necessary to perform such work. However, using education to replace experience is an option, not a requirement.
30197_2

# C A R Y   K A N E

The Honorable Victor Marrero
March 21, 2011
Page 4

Please feel free to contact us if we can provide any additional information.  The court's considerations are appreciated.

Respectfully submitted,

Joshua S.C. Parkhurst (JP5022)

cc:     Jeffery Meyer, Esq.
        Mr. Ahmed Zubair

The Clerk of Court is directed to enter into the **public record**
of this action the letter above submitted to the Court by
_plaintiff_ .

**SO ORDERED.**

3 - 21 - 11
DATE            VICTOR MARRERO, U.S.D.J.

30197_2