```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
AHMED ZUBAIR,                        :
                                     :   09 Civ. 7927 (VM)
                        Plaintiff,   :
                                     :   **ORDER**
        - against -                  :
                                     :
ENTECH ENGINEERING P.C. and          :
SOUDABEY BAYAT,                      :
                                     :
                        Defendants.  :
------------------------------------X

**VICTOR MARRERO**, United States District Judge.

Plaintiff Ahmed Zubair ("Zubair") filed a complaint in this action alleging that defendants EnTech Engineering P.C. ("EnTech") and Soudabey Bayat (collectively, "Defendants") violated both the Fair Labor Standards Act (the "FLSA") and New York State Labor Law (the "NYSLL") in failing to pay him time-and-a-half for all overtime hours he worked while employed with EnTech as a chief inspector. At a conference held on March 4, 2011, both parties indicated that they intended to move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court directed the parties to submit letter-briefs addressing the factual grounds and legal theories supporting their proposed motions for summary judgment. Upon review of the parties' pre-motion letters dated March 21, 2011, the Court finds that it requires

1

certain additional information to resolve the issues before it.

Therefore, the parties are directed to submit by April 14, 2011, letter-briefs, not to exceed five pages, addressing the following questions:

1) What were the nature and terms of the fee arrangement between Zubair and the Defendants?

2) What specific job duties and educational background are required for the position of a chief inspector at EnTech?

The parties should reference and attach as exhibits supporting deposition testimony or other relevant admissible documentary evidence. Additionally, Zubair may provide a response to Defendants' proposed motion for summary judgment with respect to his breach of contract claim. No additional briefing will be necessary regarding: (1) the law of the "learned professional" or the "highly compensated employee" exemptions under the FLSA and NYSLL,

or (2) the "spread of hours" claim under NYSLL § 652 and 12 N.Y.C.R.R. § 142-2.4.

**SO ORDERED.**

Date:      New York, New York
           24 March 2011

                                    _____
                                    VICTOR MARRERO
                                         U.S.D.J.