```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
AHMED ZUBAIR,                       :
                                    :   09 Civ. 7927(VM)
                      Plaintiff,    :
                                    :   **DECISION AND ORDER**
     - against -                    :
                                    :
ENTECH ENGINEERING P.C. and         :
SOUDABEY BAYAT,                     :
                                    :
                      Defendants.   :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Plaintiff Ahmed Zubair ("Zubair") brought this action against defendants EnTech Engineering P.C. ("EnTech") and Soudabey Bayat ("Bayat," together, "Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and New York State Labor Law ("NYSLL") by failing to pay him for certain overtime hours he worked while employed by EnTech as a chief/senior inspector. Zubair also brought several breach of contract claims that have since been dropped. On August 17, 2011, the Court granted summary judgment in favor of Zubair with respect to his FLSA and NYSLL overtime claims, while granting summary judgment in favor of Defendants with respect to Zubair's NYSLL "spread of hours" claim. Zubair v. Entech Eng'g P.C., et al., 808 F. Supp. 2d 592 (S.D.N.Y. 2011). Based upon the factual record at summary judgment, the Court could not determine, as a matter of law, whether Zubair

should also be entitled to (1) liquidated damages with respect to his overtime claims, (2) reasonable attorneys' fees, and (3) prejudgment interest. On September 6, 2012, the Court held a bench trial to adjudicate these three remaining issues.

The Court now sets forth its findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure. As explained below, the Court concludes that Defendants have not met their burden to show that their underpayment of wages, in violation of the FSLA and NYSLL, was in good faith and the result of an objectively reasonable belief that they were in compliance with the law. Therefore, the Court may not exercise its discretion to reduce or deny the liquidated damages Zubair is entitled to under the FSLA. The Court, however, concludes that additional liquidated damages under the NYSLL are not warranted in this case. Moreover, as the prevailing plaintiff in an FSLA and NYSLL suit, Zubair is entitled to reasonable attorneys' fees and costs with respect to the overtime claims but not for the NYSLL "spread of hours" claim or for the contract claims Zubair dropped before the September 6, 2012 trial. Finally, Zubair's award of liquidated damages under the FSLA precludes him from receiving prejudgment interest.

## I.  FINDINGS OF FACT[1]

Beginning in 2006, Zubair worked for EnTech as an inspector in different capacities on three New York State Department of Transportation ("NYSDOT") projects: (1) the Robert Moses Causeway Project ("Robert Moses Project"); (2) the Bridge Deck Joint/Replacement Project ("Bridge/Deck Project"); and (3) the Nassau Expressway and Interim Nassau Expressway Rehabilitation and Resurfacing Project ("Nassau Project").

Defendant Bayat is the owner and president of Entech. At all relevant times, Bayat had control over the company's employment practices and was responsible for Entech's wage and hour practices.

From 2006 to 2007, Zubair worked on the Robert Moses Project as a senior inspector at a rate of pay of $43 per hour. For this project, he received overtime compensation when he worked more than 40 hours in a week. From May 2008 through September 2008, Zubair worked on the Bridge/Deck Project as a senior inspector at a rate of pay of $49 per hour. He did not receive the statutorily required overtime pay to which he was entitled for his work on this project.

---

[1] While the Court has reviewed and considered all of the live testimony and accompanying exhibits admitted in evidence in connection with the trial in this matter, the Court addresses only those portions of the evidence relevant to its legal conclusions.

See Zubair, 808 F. Supp. 2d at 600. Finally, from September 2008 through December 2008, Zubair worked on the Nassau Project as a chief inspector. His rate of pay for this project was $49 per hour, which was later reduced to a rate of $46 per hour, but he received no overtime compensation, in violation of the FSLA and NYSLL. See id.

## II. CONCLUSIONS OF LAW

### A.  LIQUIDATED DAMAGES

#### 1.  FSLA Liquidated Damages

An employer who violates the FLSA's minimum wage and overtime requirements is liable for any unpaid minimum wages or overtime compensation "and an additional equal amount as liquidated damages."[2] 29 U.S.C. § 216(b). The Court may, in its discretion, reduce or deny liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

When seeking a reduction in liquidated damages, "[t]he employer bears the 'difficult' burden of establishing, by

---

[2] "As used in the FLSA 'liquidated damages' is something of a misnomer," since it "is not a sum certain, determined in advance as a means of liquidating damages" but rather "an award of special or exemplary damages added to the normal damages." Brock v. Superior Care, Inc., 840 F.2d 1054, 1063 n. 3 (2d Cir. 1988).

'plain and substantial' evidence, its subjective good faith and objective reasonableness, as 'double damages are the norm, single damages the exception.'" See Tlacoapa v. Carregal, 386 F. Supp. 2d 362, 368 (S.D.N.Y 2005), citing Reich v. Southern New England Telecomms. Corp., 121 F.3d 58, 71 (2d Cir. 1997); See also Walton v. United Consumers Club, Inc., 786 F.2d 303, 310 (7th Cir. 1986) (Easterbrook, J.) ("Doubling [damages under FLSA] is not some disfavored 'penalty.' The [Portal-to-Portal Act] made doubling discretionary rather than mandatory, but it left a strong presumption in favor of doubling, a presumption overcome only by the employer's 'good faith . . . and reasonable grounds for believing that [the] act or omission was not a violation.'").

Defendants argue that they acted in good faith and had reasonable grounds to conclude that Zubair was not entitled to an overtime premium for the work he performed on the Nassau Project because Defendants relied on the pay schedule in the NYSDOT Agreement for the Nassau Project (the "NYSDOT Nassau Agreement," Def. Exh. A, at 43) to determine Zubair's overtime compensation. Under the NYSDOT Nassau Agreement, a "chief inspector," such as Zubair, is

in overtime category "B," which calls for straight-time, rather than time-and-a-half for overtime hours.

Defendants, however, do not explain how this contract provision from the Nassau Agreement justifies their failure to pay Zubair an overtime premium on the Bridge/Deck Project, for which Zubair was classified as a "senior inspector" rather than a "chief inspector." While Defendants did not offer the NYSDOT contract for the Birdge/Deck Project into evidence, Bayat admitted that for that project, she did not pay Zubair according to the NYSDOT pay schedule because of a "special agreement" between her and Zubair. Assuming senior inspectors are in overtime category "C" under the Bridge/Deck NYSDOT contract, as they are under the NYSDOT Nassau Project Agreement, then according to the terms of the Bridge/Deck contract, Zubair should have been paid an overtime premium.

In this case, the Court need not determine whether Defendants' reliance on a contract approved by a state agency establishes objective reasonableness under the FSLA liquidated damages test. Both parties cite to cases where courts have either accepted or rejected such reliance as reasonable grounds. Here, however, the Defendants' <u>selective</u> reliance on different contracts negates their

claim of subjective good faith with respect to the Nassau Project. Because Defendants did not feel bound by the NYSDOT pay schedule for one project, they should not be permitted to claim reliance on such a contract with respect to a different project.

Moreover, for the Bridge/Deck Project, even if Bayat and Zubair had agreed that Zubair would not receive an overtime premium, such an agreement cannot be used to establish either subjective good faith or objective reasonableness. In fact, such an agreement could not, as a matter of law, excuse the failure to pay an overtime premium. The Supreme Court has made clear that an employee's right to overtime pay is nonwaivable and that it "cannot be abridged by contract." See Ballantine v. Arkansas-Best Freight Sys., 450 U.S. 728, 740 (1981).

The Court notes that prior to this litigation, Zubair complained in an email to Defendants that he had not received an overtime premium, stating "I don't know what rule of Labor Law or State or any law, whatsoever, [that] allows [Bayat] to do this." (See Pl. Exh. 1.) In that same email, Zubair indicated that he asked Bayat "many times to provide [him] with overtime compensation rules on state jobs." (Id.) In Bayat's testimony before the Court,

she stated that she did not consult a lawyer or otherwise attempt to figure out the state or federal laws applicable to overtime compensation. While the Court recognizes that EnTech is a small company without in-house counsel, employers have a duty to learn the applicable labor laws, especially after an employee specifically complains of labor law violations. See Herman v. RSR Sec. Serv's Ltd., 172 F.3d 132, 142 (2d Cir. 1999) ("[T]he employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them."). Had Defendants made such an attempt to ascertain the law, this dispute over a relatively small amount of money may have been resolved long before it mushroomed into the current costly litigation.

Accordingly, since Defendants have failed to meet their burden under the FLSA, the Court cannot exercise its discretion to deny or reduce the award of liquidated damages.

2. NYSLL Liquidated Damages

The NYSLL entitles plaintiffs to liquidated damages equaling 25 percent of the wages owed under state law if

the violation is "willful." NYSLL §§ 198(1-a), 663(1).[3] An employer acts "willfully" if it "knowingly, deliberately, or voluntarily disregards its obligation to pay wages." Ayres v. 127 Restaurant Corp., 12 F.Supp.2d 305, 309 (S.D.N.Y. 1998). The plaintiff need not prove that the defendants acted maliciously or in bad faith. See id. Unlike under the FSLA, liquidated damages are not presumptive and the burden does not shift to the defendant. See, e.g., Do Yea Kim v. 167 Nail Plaza, 2008 WL 2676598, at *3 (S.D.N.Y.2008) ("The burden of proof rests on the employee to make an affirmative showing that the employer's conduct was willful."); Reily v. NatWest Markets Grp., Inc., 181 F.3d 253, 265 (2d Cir. 1999) (holding that

---

[3] Due to an amendment effective November 24, 2009, the NYSLL's liquidated damages provision now mimics the FSLA. An affirmative showing of willfulness is no longer required under the NYSLL; instead, liquidated damages are presumed unless defendants can show subjective good faith. Moreover, the NYSLL was further amended of April 9, 2011 to provide the same 100 percent in liquidated damages as the FSLA. In its Decision and Order at the summary judgment stage, the Court gave the post-amendment NYSLL provision as the applicable standard for liquidated damages under New York law and the parties used this standard in their briefing. See Zubair, 808 F. Supp. 2d at 600. This was in error. The violations in question occurred prior to the effective date of the NYSLL amendments and the courts in this District which have considered the question of NYSLL Section 198(1-a)'s retroactivity have determined that it should not be applied retroactively. See, e.g., McLean v. Garage Mgmt. Corp., 2012 WL 1358739, at *9-10 (S.D.N.Y. Apr. 19, 2012) (looking to legislative history and terms of statute); Benavidez v. Plaza Mexico Inc., 2012 WL 500428, at *8-9 (S.D.N.Y. Feb. 15, 2012); Chenensky v. New York Life Ins. Co., 2012 WL 234374, at *2-3 (S.D.N.Y. Jan. 10, 2012); Wicaksono, 2011 WL 2022644, at *6 n. 2. For the reasons provided in those decisions, NYSLL's liquidated damages provisions will be applied as they existed at the time of Defendants' violations. Thus, the burden is on Zubair to establish "willfulness" and his claims are limited to 25 percent of the amounts owed.

liquidated damages under the NYSLL "constitute a penalty" because they are awarded upon an <u>affirmative showing</u> that the employer's conduct was "willful") (emphasis added).

It is a closer question whether Defendants' violation of the NYSLL was "willful." From the record, it appears that Defendants, because they comprised a small business without in-house counsel, were genuinely ignorant of the applicable laws governing overtime compensation. The failure to ascertain these laws undermined Defendants' claim of subjective good faith for purposes of the FSLA. For purposes of the NYSLL, however, Defendants' ignorance of the law suggests that they did not "willfully" disregard their statutory obligations. Therefore, the Court concludes that Zubair is not entitled to an additional 25 percent in liquidated damages under the NYSLL.[4]

---

[4] It should also be noted that district courts have disagreed on the question of whether a plaintiff may recover liquidated damages under both the FLSA and NYSLL for the same violations. Compare <u>Paz v. Piedra</u>, 09-CV-3977, 2012 WL 121103, at *12 (S.D.N.Y. Jan. 12, 2012) (awarding liquidated damages under only one statute when the FLSA and the NYLL offered equal amounts of recovery), <u>Alejo v. Darna Rest.</u>, 09-CV-5436, 2010 WL 5249383, at *5 (S.D.N.Y. Dec. 17, 2010) (awarding liquidated damages only under the statute that offered greater recovery when the FLSA and the NYLL overlapped), <u>modified on other grounds</u>, 2011 WL 165413 (S.D.N.Y. Jan. 18, 2011), <u>Chan v. Sung Yue Tung Corp.</u>, 03-CV-6048, 2007 WL 313483, at *28-29 (S.D.N.Y. Feb. 1, 2007) (same), <u>Jin v. Pac. Buffet House, Inc.</u>, 06-CV-579, 2009 WL 2601995, at *9 (E.D.N.Y. Aug. 24, 2009) (same), <u>and</u> <u>Yin v. Kim</u>, 07-CV-1236, 2008 WL 906736, at *1, 7 (E.D.N.Y. Apr. 1, 2008) (same), <u>with</u> <u>Wicaksono</u>, 10-CV-3635, 2011 WL 2022644, at *7 (awarding liquidated damages for same violations under both the NYLL and the FLSA), <u>and</u> <u>Dong v. CCW Fashion, Inc.</u>, 06-CV-4973, 2009 WL 884680, at *4 (S.D.N.Y. Feb. 19, 2009) ("In addition to actual damages, plaintiffs may recover liquidated damages under the

II. PREJUDGMENT INTEREST

Since Zubair is entitled to liquidated damages under the FSLA in an amount equal to his award for uncompensated overtime pay, he is not entitled to prejudgment interest under New York law. (See Pl.'s Mem. at 7-8 (requesting prejudgment interest only if the Court does not award FSLA liquidated damages).)

II. REASONABLE ATTORNEYS' FEES

Both the FSLA and NYSLL provide that a prevailing plaintiff may seek an award of reasonable attorneys' fees and costs. See 29 U.S.C. § 216(b); NYSLL § 198. Therefore, Zubair is entitled such fees and costs with respect to his successful overtime claims but not for the NYSLL "spread of hours" claim rejected by this Court or for the contract claims dropped by Zubair before the September 6, 2012 trial. The Court notes that the parties' devoted substantial time to briefing and taking deposition testimony for the breach of contract claims. Any such hours devoted to these claims or to identifying other potential employee-plaintiffs should be excluded from the

---

FLSA and New York State law for the same minimum wage and overtime violations."). Thus, even if Zubair had established willfulness, it is not clear whether he could recover under both statutes.

-11-

statement of fees and costs that Zubair is directed to submit to the Court.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that defendants EnTech Engineering P.C. and Soudabey Bayat ("Defendants") are liable to plaintiff Ahmed Zubair ("Zubair") for liquidated damages under the Fair Labor Standards Act in an amount equal to Zubair's award for unpaid overtime compensation; and it is further

**ORDERED** that Zubair's request for liquidated damages under New York State Labor Law is DENIED; and it is further

**ORDERED** that Zubair's request for prejudgment interest is DENIED; and it is further

**ORDERED** that the parties are directed to jointly submit to the Court, within fourteen (14) days of the date of this Decision and Order, a calculation of damages for unpaid overtime compensation based upon the paystubs, payroll records and time records, which the parties have previously stipulated are authentic and accurate; and it is finally

**ORDERED** that Zubair's request for reasonable attorneys' fees in connection with litigating the unpaid overtime claims is GRANTED. Zubair is directed to submit a schedule detailing the reasonable attorneys' fees and costs

within fourteen (14) days of the date of this Decision and Order.

The Clerk of Court is directed to terminate any pending motions and to close this case, provided that it may be reopened in the event Zubair timely files documentation supporting the award of attorney's fees granted herein.

**SO ORDERED.**

Dated:   New York, New York
         1 October 2012

_____
VICTOR MARRERO
U.S.D.J.